UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Andrew Robins,                                                    Case No. 3:25-cv-504

          Plaintiff,

      v.                                                         MEMORANDUM OPINION
                                          AND ORDER

Dr. Satwant Gill, *et al.*,

          Defendants.

## I.      INTRODUCTION AND BACKGROUND

*Pro se* Plaintiff Andrew Robins, an Ohio resident, brings this medical malpractice action against New Jersey corporation Zydus Pharmaceuticals, Ohio-based restaurant Kabob It BG, and Ohio physicians Satwant Gill, Tufal Kahn, and Abas Jama.  (Doc. No. 1).  Plaintiff claims his physician prescribed Risperidone for him due to "a fabrication about [him] made by Kabob It BG." (*Id.* at 4).  He contends the medication elevated his levels of prolactin, a hormone produced by the pituitary gland that stimulates breast development and lactation.  (*Id.* at 6).  He also asserts that the manufacturer of Risperidone "has been sued successfully for billions of dollars in damages because of the manufacturer's failure to warn doctors about the dangers of elevated prolactin in patients taking Risperidone."  (*Id.*).

In addition, Plaintiff brings defamation and negligent infliction of emotional distress claims against Drs. Jama and Gill.  He claims the doctors diagnosed him with schizophrenic disorder.  (*Id.*). He disagrees with that diagnosis.  He states that Dr. Jama recorded in his medical records that he is

paranoid about healthy lifestyles, and indicated he harassed a restaurant, Kabob It BG, and its customers. (*Id.*). Plaintiff reported the restaurant to the Wood County Health Department because a restaurant employee refused to heat up his green beans. (*Id.*). Plaintiff claims the restaurant banned him for life saying he was disrespectful to other customers, which he denies. (*Id.*). He also applied for a job at the restaurant and was denied employment. (*Id.*).

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). That application is granted.

## II.    STANDARD

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

### III.     DISCUSSION

Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).

All of Plaintiff's claims arise under state tort law.  Thus, jurisdiction cannot be based on a federal question.  To establish diversity of citizenship, Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states.

Plaintiff fails to do so.  Plaintiff lists his address as being in Ohio and also lists Ohio addresses for the physicians and for the restaurant.  (*See* Doc. No. 1).  For diversity of citizenship to exist, all Defendants must be citizens of different states than the state of which Plaintiff is a citizen. Because Plaintiff and all but one Defendant are citizens of Ohio, diversity jurisdiction does not exist in this case.

### IV.     CONCLUSION

For the reasons stated above, I conclude this case must be dismissed pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction.  I deny Plaintiff's motions for expedited consideration

and to recategorize his complaint, (Doc. No. 3), and his motion for an extension of time to obtain an expert witness.  (Doc. No. 4).

I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff's application to proceed *in forma pauperis*, (Doc. No. 2), is granted.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge